UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARROD MCDOWELL,

    Petitioner,

v.                                                 Case No. 3:15cv177/MCR/CJK

JULIE L. JONES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with supporting memorandum. (Docs. 1, 2). Respondent asserts that the petition is untimely and without merit. (Doc. 20). Relevant portions of the state court record have been provided. (Doc. 20, Attach.). Petitioner has not replied, although invited to do so and granted additional time. (*See* Docs. 22, 25, 27). Petitioner's extended reply deadline expired on March 28, 2016. (Doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes

that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

In September 2009, petitioner was charged in Escambia County Circuit Court Case No. 09-CF-4720, with battery (Count 1) and burglary of an occupied dwelling (Count 2). (Doc. 20, Ex. A, p. 1).[1] That same day, petitioner was charged in Escambia County Circuit Court Case No. 09-CF-4721, with battery upon a person 65 years of age or older (Count 1), sexual battery with slight force (Count 2), burglary of an occupied dwelling (Count 3) and grand theft (Count 4). (Ex. A, p. 2). The information in Case No. 09-CF-4721 was amended on May 13 2010, but the offenses charged remained the same. (Ex. A, pp. 2A-2B).

Defense counsel filed a notice of intent to rely upon an insanity or other mental health defense, and moved for the appointment of a mental health expert to determine petitioner's competence to proceed and sanity at the time of the offenses. (Ex. A, pp. 22-23). The trial court granted the motion and appointed a mental health expert. (Ex. A, pp. 24-27). The expert found petitioner competent to proceed and sane at the time he committed the offenses. (Ex. A, pp. 28-35).

---

[1] All references to exhibits are to those provided at Doc. 20.

Petitioner entered a straight up guilty plea to all six offenses as charged in both cases. (Ex. A, pp. 40-43 (written plea form), pp. 126-154 (transcript of plea hearing)). The trial court accepted petitioner's plea, adjudicated him guilty of the charged offenses, and sentenced him to a total term of 56 years in prison. (Ex. A, pp. 44-77 (transcript of sentencing), pp. 78-90 (judgment and sentence)).[2] The Florida First District Court of Appeal (First DCA) affirmed the judgment on September 26, 2011, per curiam and without a written opinion. *McDowell v. State*, 71 So. 3d 120 (Fla. 1st DCA 2011) (copy at Ex. B). The mandate issued October 24, 2011. (Ex. C). Petitioner did not seek further review.

On February 2, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 1, p. 3; Doc. 20, Ex. D, pp. 1-21). The state circuit court struck the motion as facially insufficient with leave to amend. (Ex. D, pp. 22-23). Petitioner filed an amended motion (Ex. D, pp. 26-41), which was summarily denied on October 12, 2012, without an evidentiary hearing. (Ex. D, pp. 42-146). Petitioner filed a motion for rehearing on January 14, 2013, which was denied as untimely on February 28, 2013. (Ex. D, pp. 151-157, 158-168,

---

[2] Petitioner was sentenced in Case No. 09-CF-4720 to concurrent terms of 15 years in prison on the burglary (Count 2) and 1 year in prison on the battery (Count 1). (Ex. A, pp. 44-77 (transcript of sentencing), pp. 78-90 (judgment and sentence)). Petitioner was sentenced in Case No. 09-CF-4721 to 5 years in prison on the battery (Count 1), 15 years in prison on the sexual battery (Count 2), 15 years in prison on the burglary (Count 3) and 5 years in prison on the grand theft (Count 4), consecutive to each other and to the sentences imposed in Case No. 09-CF-4720. (*Id.*).

169-173). Petitioner filed a notice of appeal on March 28, 2013. (Ex. E). The First DCA issued an order requiring petitioner to show cause why the appeal should not be dismissed for lack of jurisdiction as untimely (having been filed more than 30 days after rendition of the order denying postconviction relief and the untimely motion for rehearing having not delayed rendition). (Ex. F). Petitioner's appeal was dismissed on July 30, 2013. *McDowell v. State*, 118 So. 3d 224 (Fla. 1st DCA 2013) (Table) (copy at Ex. G). The mandate issued August 27, 2013. (Ex. H).

On December 5, 2013, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. M, pp. 1-11). The state circuit court denied the motion on January 27, 2014. (Ex. M, pp. 12-19). Petitioner's appeal was dismissed as untimely. (Ex. O).

On January 7, 2014, petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA. (Ex. I). The First DCA treated the petition as a petition seeking a belated appeal from the October 12, 2012, order denying postconviction relief. (Ex. J). On June 9, 2014, the First DCA granted the following relief:

> Petitioner is granted a belated appeal of the October 12, 2012, order denying motion for postconviction relief in Escambia County Circuit Court case numbers 2009-CF-004720A and 2009-CF-004721A. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as the notice of appeal. Fla. R. App. P. 9.141(c)(6)(D).

*McDowell v. State*, 140 So. 3d 683 (Fla. 1st DCA 2014) (copy at Ex. D, p. 175). The mandate issued July 8, 2014. (Ex. D, p. 174). On October 30, 2014, the First DCA affirmed the October 12, 2012 order denying postconviction relief. *McDowell v. State*, 151 So. 3d 1237 (Fla. 1st DCA 2014) (copy at Ex. K). The mandate issued November 25, 2014. (Ex. L).

Petitioner filed his federal habeas petition on April 13, 2015. (Doc. 1, p. 15; but see Doc. 1, p. 1 and p. 16 (institutional stamp initialed by petitioner indicating that he provided his petition to Jefferson CI for mailing on April 17, 2015)). Respondent asserts that the petition is time-barred and, alternatively, without merit. (Doc. 20).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that the statute of limitations is measured from the date on which petitioner's conviction became final. (Doc. 20, pp. 9-10).[3]  *See* 28 U.S.C. § 2244(d)(1).  Petitioner's judgment of conviction was affirmed on direct appeal on September 26, 2011.  Petitioner did not seek certiorari review in the United States Supreme Court.  Accordingly, petitioner's

---

[3] Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.

conviction became "final" for purposes of § 2244(d) on December 27, 2011,[4] when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[5] *See* 28 U.S.C. § 2244(d)(1); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("We now hold . . . that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).").

The limitations period began to run the following day, on December 28, 2011, and ran for 36 days until petitioner filed his Rule 3.850 motion on February 2, 2012. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))). Petitioner's Rule 3.850 proceeding was pending, and tolled the federal habeas limitations period, until November 12, 2012, which is 30 days after rendition of the October 12, 2012 order denying

---

[4] December 25, 2011 was a Sunday, and December 26, 2011, was Christmas Day observed. *See* Sup. Ct. R. 30.1 (computation of time).

[5] Respondent asserts that petitioner's conviction became final for purposes of § 2244(d)(1)(A) on January 22, 2012, which is 90 days from the date of the First DCA's mandate on direct appeal. (Doc. 20, p. 9). That is incorrect as a matter of law. The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* Sup. Ct. R. 13.3; *see also Chavers*, 468 F.3d 1273, 1275 (11th Cir. 2006).

postconviction relief. Respondent asserts that petitioner's Rule 3.850 proceeding was pending only until October 12, 2012. (Doc. 20, p. 9). Under AEDPA, however, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state postconviction or collateral motion remains "pending," and thus tolls the time under § 2244(d)(2), for the time during which the petitioner could have appealed the denial of such motion, even if the petitioner did not timely appeal. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-1384 (11th Cir. 2006) (holding that Florida prisoner's Rule 3.800(a) motion to correct sentence remained pending under § 2244(d)(2) until the time expired for him to appeal, which was 30 days after rendition of the order); Fla. R. Crim. P. 3.850(g) (providing a movant 30 days to timely appeal an order denying postconviction relief); Fla. R. App. P. 9.140(b)(3) (same); *Palm v. State*, 982 So. 2d 1226 (Fla. 1st DCA 2008) ("Because the notice of appeal was filed more than 30 days after rendition of the order and the untimely motion for rehearing did not delay rendition, this Court is without appellate jurisdiction."). The state circuit court's determination that petitioner's motion for rehearing was untimely is given deference from this court, as is the state district court of appeal's determination that petitioner's postconviction appeal was untimely. *See Stafford v. Thompson*, 328

F.3d 1302, 1305 (11th Cir. 2003) (citation omitted) (holding that "this Court must give 'due deference' to [a] procedural determination by the Georgia Supreme Court. Thus, we are bound by the state court's determination that the appeal was untimely."). The limitations period was not statutorily tolled beyond that 30 days. *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 849, 163 L. Ed. 2d 684 (2006) (explaining that a claim is "pending" during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (citation omitted); *see also, e.g., Neal v. Sec'y, Dep't of Corr.*, 271 F. App'x 893 (11th Cir. 2008) (holding, in circumstances identical to those here, where a Florida prisoner's Rule 3.850 motion was denied, his motion for rehearing was denied as untimely, and his postconviction appeal was dismissed as untimely, that the prisoner's Rule 3.850 proceeding was "pending" for purposes of § 2244(d)(2), until 30 days after rendition of the order denying postconviction relief).[6]

The federal habeas limitations period began to run once more on November 13, 2012, and expired 329 days later on October 8, 2013.[7] Petitioner's state court pleadings filed after October 8, 2013 (i.e., his Rule 3.800(a) motion and his petition

---

[6] The undersigned cites this unpublished opinion only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

[7] October 6, 2013, was a Saturday.
*Case No. 3:15cv177/MCR/CJK*

for belated postconviction appeal), did not trigger the tolling benefit of § 2244(d)(2), because they were filed after the limitations period expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.") (citations omitted).

An additional reason petitioner's petition for belated postconviction appeal did not trigger the tolling benefit of § 2244(d)(2) is that the petition is not considered an application for "post-conviction or other collateral review" within the meaning of section 2244(d)(2). *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015) (holding that Florida prisoner's petition for belated postconviction appeal did not statutorily toll the limitations period under § 2244(d)(2), because "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)"); *see also, e.g., McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x. 249, 252 (11th Cir. 2007) (holding that habeas petitioner was not entitled to statutory tolling for the 95-day period between the date the Florida circuit court's denial of his Rule 3.850 motion became final and the date petitioner filed a petition for belated appeal of that 3.850 denial, even though the Florida appellate court ultimately granted the petition for belated appeal; "[W]e reject the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires

merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal."). Petitioner's state court pleadings filed after October 7, 2013, did not reinitiate the federal habeas limitations period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court petition filed after the federal limitations period has expired does not reinitiate the limitations period).

Petitioner's federal habeas petition, filed on April 13, 2015, is untimely. Petitioner does not assert that he is entitled to equitable tolling or any exception to the limitations bar. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, — L. Ed. 2d — (Feb. 22, 2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Jarrod Rondell McDowell*, Escambia County Circuit Court Case Nos. 09-CF-4720 and 09-CF-4721, be DISMISSED WITH PREJUDICE.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 23rd day of March, 2017.

>   */s/ Charles J. Kahn, Jr.*
>   **CHARLES J. KAHN, JR.**
>   **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.